**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:22-cr-43 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| LACEY GOINS-THOMAS | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |

---

# MEMORANDUM AND ORDER

---

Before the Court is Defendant Lacey Goins-Thomas's motion for compassionate release (Doc. 304). For the reasons set forth below, the Court will **DENY** Defendant's motion for compassionate release (*id.*).

## I. ADMINISTRATIVE EXHAUSTION

A sentencing court may "modify a term of imprisonment once it has been imposed," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have recognized that some of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction."). Before seeking a sentence reduction from the court, the defendant must exhaust administrative remedies by fully pursuing "all administrative rights to appeal a failure of

the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (holding that "this exhaustion requirement . . . is mandatory (there is no exception)").

Defendant has presented evidence of her exhaustion efforts within the Bureau of Prisons ("BOP"). (Doc. 304, at 4.) The Government also notes that the exhaustion requirement is satisfied. (Doc. 308, at 2.) Because Defendant has shown that she complied with the exhaustion requirement, the Court may consider the factors set forth in 18 U.S.C. § 3553(a) and whether there are "extraordinary and compelling reasons" to reduce Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

## II. BACKGROUND

On October 6, 2023, Defendant was sentenced to 168 months' imprisonment based on her conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. 841(a) and 21 U.S.C. § 841(b)(1)(C), a lesser included offense. (Doc. 198.) This sentence was ordered to run concurrently with a sentence imposed by a state court in Tennessee. (*See id.*) Defendant was also sentenced to a supervised release term of three years. (*Id.*)

Defendant has been in federal custody since May 19, 2022 (Doc. 144), and is currently set for release from custody on October 12, 2032. *Find an Inmate*, Bureau of Prisons, http://bop.gov/inmateloc/ (search by name) (last visited Oct. 22, 2026).

Defendant states, and her medical record confirms, that she has the following medical conditions: (1) chronic ischemic heart disease, (2) chronic angina, (3) severe multivessel coronary artery disease, (4) chronic heart failure with reduced ejection fraction, (5) status post CABG (coronary artery bypass grafting surgery), and (6) status post PCI (percutaneous coronary

intervention). (Doc. 304, at 6, 15.) At an August 2025 cardiology appointment, Defendant's doctor stated that Defendant's "best option would be a referral for EECP; however, it is unclear if this is available. It is very difficult in an incarcerated situation, but that would be the best option for her. Otherwise, we will have her follow-up in three months." (*Id.* at 15.) Defendant asserts that she had not had that follow-up appointment at the time of filing her motion nearly six months later. (*Id.* at 6.) She also asserts that her facility changed the sick-call protocol this year, which has made it more difficult for her to access medical care.[1] (Doc. 311.)

Defendant's presentence investigation report (Doc. 144) provided a detailed description of Defendant's heart-related issues, including a recount of multiple cardiac-related hospitalizations dating back to 2020 and a "history of fatigue and other health issues related to her heart failure." (Doc. 144, at 31–33.)

## III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may only grant a motion for sentence reduction when "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Because the Court finds that Defendant has not demonstrated extraordinary and compelling circumstances warranting release, the Court will not grant Defendant's motion for release.

[1] Specifically, Defendant asserts that: "In January of this year, this facility even changed the sick-call protocol making getting the care I need harder, not easier. Before January, I could go to the clinic Monday-Friday (with the exception of Wednesday). Now, I am required to do an Inmate Request on the computer, and wait for an appointment (which takes days and/or even weeks). Sadly, the only way I could get immediate help is if I were to pass out and a medical emergency called by my officer. Basically, I would have to have a heart attack or go into heart failure before I was helped; both of which could lead to death." (Doc. 311.)

### A. Extraordinary and Compelling Reasons

The medical circumstances of the defendant may constitute an extraordinary and compelling reason warranting a reduction in a prison sentence if:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). . . .
>
> (B) The defendant is—
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. 1B1.13(b)(1).

Defendant's cardiac issues were known at sentencing (*see* Doc. 144, at 31–33), and thus alone cannot constitute extraordinary and compelling circumstances. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) (finding that district courts cannot rely on facts that existed at sentencing as an "extraordinary and compelling" reason for a sentence reduction). Nevertheless, Defendant's medical conditions may constitute an "extraordinary and compelling" reason to reduce her sentence if she showed that her cardiac issues are a "terminal illness," that her conditions "substantially diminish[] [her] ability . . . to provide self-care within the environment of a correctional facility and from which [she] is not expected to recover," or that her condition "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. 1B1.13(b)(1)(B). Defendant has not established any of these circumstances here.

First, Defendant has not shown that her cardiac issues are a "terminal illness." U.S.S.G.

1B1.13(b)(1)(A). Rather, Defendant has been dealing with her cardiac issues for many years and has had instances of hospitalization for cardiac-related issues since at least 2020. (Doc. 144, at 31.) Defendant's medical records and motion also indicate that she is taking numerous medications, is responding well to her treatment and procedures, and is not a candidate for further surgical intervention. (Doc. 309.) At an appointment earlier this year, Defendant's symptoms were described as "very stable" with "[n]o real changes." (*Id.* at 248.) Since Defendant "has not shown that any risk of severe medical complications or death that cannot be adequately mitigated in a timely manner," her medical conditions do not rise to the level of "extraordinary and compelling." *United States v. Cole*, No. 3:19-cr-109, 2024 WL 3171819, at *4 (E.D. Tenn. June 25, 2024).

Second, Defendant does not explain how her health conditions "substantially diminish[] [her] ability . . . to provide self-care." U.S.S.G. § 1B1.13. Defendant's medical records show that she can engage in low-intensity exercise and her only recommended physical limitation was to avoid climbing. (Doc. 309, at 248.) In her motion, Defendant noted that she does not require durable medical equipment, does not require assistance with self-care such as bathing, walking, or toileting, and does not require assisted living. (Doc. 304, at 10.) Defendant has therefore not shown that her health conditions diminish her ability to provide self-care while incarcerated, and compassionate release on this basis is not appropriate. *See* U.S.S.G. § 1B1.13.

Last, Defendant argues that she is not receiving necessary medical care to treat her conditions, and that she fears she "will die in prison because [she] can't get medical care needed." (Doc. 304, at 6.) Specifically, in her motion, Defendant points to the fact she asked for a follow-up appointment in August 2025 that had not been scheduled at the time of her filings in February 2026. (*Id.*) Additionally, she asserts that her facility changed the sick-call protocol this

year, which has made it more difficult for her to access medical care. (Doc. 311.) The day after her motion was filed, however, Defendant attended a follow-up cardiology appointment, at which EECP therapy was recommended to continue as planned and her doctor requested to see her for a follow-up the next month. (Doc. 309, at 248–49.) A review of Defendant's extensive medical records does not support the argument that she is not receiving adequate medical care. (*See generally id.*) Defendant has therefore not met her burden of showing that she is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13.

Because Defendant has not shown that her medical conditions constitute an "extraordinary and compelling" reason justifying release, compassionate release is not appropriate.[2]

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release (Doc. 304) is **DENIED**.

**SO ORDERED.**

***/s/Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDG**

[2] Because the Court has found that Defendant has not provided an extraordinary and compelling reason for release, it will not consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release.